UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

SERGIO DOMINGUEZ HERNANDEZ,

                Petitioner,

v.

TODD BLANCHE et al.,

                Respondents.

_____/

Case No. 1:26-cv-1483

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) Petitioner is granted leave to proceed *in forma pauperis*. For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I.      Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following a series of orders issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of

proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.5–6.)[1]

In an order entered on May 8, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) On May 13, 2026, Respondents filed their response and recordings of bond hearings held on January 12, 2026, April 6, 2026, and April 27, 2026. (Resp., ECF No. 5; Recording of Jan. 12, 2026, Bond Hearing, filed on May 13, 2026; Recording of Apr. 6, 2026, Bond Hearing, filed on May 13, 2026; Recording of Apr. 27, 2026, Bond Hearing, filed on May 13, 2026.) Petitioner filed his reply on May 14, 2026. (ECF No. 6.)

## II.    Relevant Factual Background

Petitioner is a citizen of Mexico who entered the United States more than 10 years ago. (Pet., ECF No. 1, PageID.3.) In November 2025, Petitioner was arrested by ICE. (Resp., ECF No. 5, PageID.72.)

On December 8, 2025, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Dominguez Hernandez v. Bondi* (*Dominguez Hernandez I*), No. 1:25-cv-1680 (W.D. Mich.). In *Dominguez Hernandez I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately

---

[1] In addition to filing the § 2241 petition, Petitioner also filed a motion seeking expedited review of the case. (ECF No. 7.) As set forth in this opinion, the Court will deny Petitioner's § 2241 petition. In light of this, the entry of the Court's opinion and corresponding judgment moots Petitioner's pending motion.

release Petitioner from custody. Op. & J., *Dominguez Hernandez I*, (W.D. Mich. Dec. 19, 2025), (ECF Nos. 7, 9).

On December 29, 2025, the Detroit Immigration court held a hearing at which Petitioner withdrew his request for a custody redetermination because his counsel was not present. (Resp., ECF No. 5, PageID.73; Dec. 2025 Order Immigration Judge, ECF No. 1-1, PageID.34.) On January 12, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Resp., ECF No. 5, PageID.73; Jan. 2026 Order Immigration Judge, ECF No. 1-1, PageID.39; Recording of Jan. 12, 2026, Bond Hearing, filed on May 13, 2026.) At the conclusion of the January 12, 2026, hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating that DHS "has proven by a preponderance of the evidence that [Petitioner] is a flight risk and there are no conditions or combination of conditions that would reasonably assure [Petitioner's] future appearance at immigration proceedings." (Jan. 2026 Order Immigration Judge, ECF No. 1-1, PageID.39.)

On April 6, 2026, Petitioner again received a bond hearing pursuant to § 1226(a). (Resp., ECF No. 5, PageID.73; Apr. 6, 2026, Order Immigration Judge, ECF No. 1-1, PageID.41; Recording of Apr. 6, 2026, Bond Hearing, filed on May 13, 2026.) At the conclusion of that hearing, the Immigration Judge denied Petitioner's request for bond, stating that Petitioner is a danger to the community based upon his prior arrests for DUI. (Apr. 6, 2026, Order Immigration Judge, ECF No. 1-1, PageID.41.) The Immigration judge further found that Petitioner "is a flight risk based upon the same reasons as found at the previous bond hearing." (*Id*.)

On April 27, 2026, Petitioner received another bond hearing pursuant to § 1226(a). (Resp., ECF No. 5, PageID.73; Apr. 27, 2026, Order Immigration Judge, ECF No. 1-1, PageID.43.) At the conclusion of that hearing, the Immigration Judge denied Petitioner's request for bond because

there was "[n]o material change in circumstances that would justify a redetermination of the previous bond order." (Apr. 27, 2026, Order Immigration Judge, ECF No. 1-1, PageID.43.)

## III.     Discussion

In Petitioner's § 2241 petition, Petitioner argues that Petitioner's § 1226(a) bond hearings were constitutionally deficient. Based on the record before the Court at this time, including the recordings of the § 1226(a) bond hearings, the Immigration Judge did not apply an unconstitutional burden of proof at the April 6, 2026, bond hearing when it denied Petitioner's request for a custody redetermination because, *inter alia*, the Immigration Judge found Petitioner to be a danger to the community. (Apr. 6, 2026, Order Immigration Judge, ECF No. 1-1, PageID.41.) Additionally, the record before the Court does not show that the Immigration Judge applied an unconstitutional burden of proof at the April 27, 2026, bond hearing. (Apr. 27, 2026, Order Immigration Judge, ECF No. 1-1, PageID.43.) Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

### Conclusion

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:        June 9, 2026                          /s/ Jane M. Beckering
                                                    Jane M. Beckering
                                                    United States District Judge

4